IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| REBECCA DERNOVISH and ALEX WELCH, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 09-0015-CV-W-ODS ) |
| AT&T OPERATIONS, INC. | ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION GRANTING PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION

Pending is Plaintiffs' motion to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b). The motion (Doc. # 76) is granted.

## I. BACKGROUND

Plaintiffs are former employees of Defendant: Rebecca Dernovish worked at call centers in Kansas City, Missouri, and Alex Welch worked at a call center in Oklahoma City. Their duties required them to interact with customers over the phone in order to resolve issues. In general, they allege they were required to be logged into the phone or computer system before taking their first call, and they were expected to be ready to take calls the moment their shift began. Thus, they had to arrive before their shift began to log into the system. This process could take ten minutes, and they were not compensated for this time. Plaintiffs contend their efforts to log into the system to prepare to take calls constituted "work" within the meaning of the Fair Labor Standards Act (FLSA), and they were legally entitled to compensation.

## II. DISCUSSION

Section 216(b) provides that a plaintiff may bring suit under the FLSA "for and in behalf of himself or themselves and other employees similarly situated." However, an employee does not become a party to the suit "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." To date, over twenty individuals have filed such consent. Plaintiffs seek conditional certification so they can send notices to all employees who might be eligible to opt in.

The Eighth Circuit has not adopted a particular standard for evaluating such requests, but a majority of the courts in the circuit have used the analysis adopted by the Fifth Circuit. "Under this two-step process, the plaintiff first moves for class certification for notice purposes. . . . Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to 'opt-in.'" Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007). "At the second step of the process, the defendant may move to decertify the class. This is typically done after the close of discovery when the Court has much more information and is able to make a more informed decision." Id.

Because the decision at this stage is made with limited information and is conditional in nature, the plaintiff's burden is not onerous. There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances. E.g., Huang v. Gateway Hotel Holdings, 248 F.R.D. 225, 227 (E.D. Mo. 2008); Kautsch, 504 F. Supp. 2d at 689; Young v. Cerner Corp., 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007).

Plaintiffs have easily met the burden imposed on them at this stage of the litigation. The class members share similar characteristics in that their job involves taking calls from customers and responding to their complaints, concerns, or issues. The employees who have opted in come from three different call centers. In addition to

their own statements about their experiences, there is evidence that conference calls conducted by Joseph Taylor and involving more than twenty different call centers included discussions about the need for employees to be logged in and prepared to receive calls the moment their shifts began.

Defendant opposes certification, but its arguments are unpersuasive. It contends its written policies prohibit the conduct Plaintiffs complain of, but of course there can be a difference between what employees are told verbally and what they are told in writing. There is no proof that Defendant actually follows its written policy. In any event, this argument relates to the merits and should not be resolved at this time. Similarly, Defendant's contention that the employees have different job requirements and are subject to the dictates of different managers is an issue related to the merits of their claim. Keeping in mind that Plaintiffs are required to make a preliminary and minimal showing, the Court notes the Plaintiffs are similarly situated in the important respects; namely, that their job requires them to log into various operating systems before they can actually work.

Finally, Defendant contends the scope of the certification should be limited to Oklahoma City and Kansas City. The Court disagrees. First, the people who have already opted in are not limited to Oklahoma City and Kansas City. Second, and most importantly, information Plaintiffs have already gathered could demonstrate common policies or expectations at least with respect to the call centers involved in the Taylor's conference calls. This suggests the class should be permitted to extend beyond just Kansas City and Oklahoma City. This also suggests Plaintiffs should be permitted to ascertain whether Taylor's instructions were based on directives he received from people above him in the chain of command.

In granting Plaintiffs' motion, the Court approves the sending of notices to all current and former employees who staff or staffed dedicated customer service telephone lines at Defendant's call centers in the United States within the last three years. The Court acknowledges this definition is not based on job titles, but this sufficiently and clearly identifies the employees who may be covered by this suit. Moreover, use of job titles will promote confusion because the important issue is the

employees' duties, not the titles they held.  The Court also observes this definition is sufficient to include those who took calls from all types of customers (business or residential).

Defendants are directed to provide Plaintiffs with a computer readable data file containing the name, last known address, dates of employment, call center locations, phone number, and e-mail address for each current and former employee falling within the class definition.  Plaintiffs are free to use the documents attached as exhibits to their motion to contact the members of the class and advise them of their rights (including their right to opt into the class).  Defendant is also ordered to post a copy of Exhibit 26 (that has been suitably amended to reflect that it is not addressed to a particular individual) in the break room at all of its call centers.

On or before February 3, 2010, the parties shall submit a jointly proposed schedule.  The schedule shall include proposed dates for the end of discovery, the filing of dispositive motions and motions to decertify the class, the date for trial, and the estimated length of trial.

### III.  CONCLUSION

Plaintiffs have satisfied the minimal standard necessary to justify conditional certification.  In fact, Plaintiffs have exceeded the standard that is imposed by courts in this circuit.  Accordingly, the motion is granted.
IT IS SO ORDERED.

                                            /s/ Ortrie D. Smith
                                            ORTRIE D. SMITH, JUDGE
DATE: January 12, 2010                    UNITED STATES DISTRICT COURT