IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA DERNOVISH and | ) | |
| ALEX WELCH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 09-0015-CV-W-ODS |
| | ) | |
| AT&T OPERATIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER REGARDING DEFENDANT'S DISCOVERY REQUESTS</u>

This is a collective action brought under the Fair Labor Standards Act ("FLSA").
Plaintiffs generally allege their duties involved some facet of customer assistance, and
Defendant required them to be logged into the phone and computer systems and ready
to take calls at the beginning of their shift. This required them to begin the process of
logging into the systems before their shift began; these efforts constituted "work" within
the meaning of the FLSA for which they should have been compensated.

"No employee shall be a party plaintiff to any such action unless he gives his
consent in writing to become such a party and such consent is filed in the court in which
such action is brought." 29 U.S.C. § 216(b). To date, over 1,000 people have filed their
consent to become parties in this suit. Defendant regards these individuals as "parties"
in the fullest sense of the word, and have issued interrogatories and requests for
production of documents to each of them. Plaintiffs contend the procedure prescribed
under the FLSA is more akin to a class action, and full discovery targeting class
members is not normally permitted.

The Court holds Plaintiffs' view is more appropriate. Normally, a class action
governed by Rule 23(b)(3) would permit those defined by the class definition to opt out
of the suit. The FLSA effectively changes the normal situation in two ways: it creates its
own class action device that replaces the one created in Rule 23 and requires
individuals defined by the class definition to opt in, not opt out. See <u>Hoffmann-La
Roche Inc. v. Sperling</u>, 493 U.S. 165, 170 (1989) (describing section 216(b) as

permitting "employees to proceed on behalf of those similarly situated"); Anderson v. Unisys Corp., 47 F.3d 302, 305 n.6 (8th Cir. 1995) (declaring that "Certification of ADEA class actions is governed by 29 U.S.C. § 216(b) rather than Fed. R. Civ. P. 23.");[1] Kelley v. Alamo, 964 F.2d 747, 749 (8th Cir. 1992) ("the FLSA provides for a form of 'class action' suit under" section 216(b)); Kloos v. Carter-Day Co., 799 F.2d 397, 399-400 (8th Cir. 1986) (describing section 216(b) as creating a "type of statutory class action"). Other courts have reached the same conclusion. E.g., Alvarez v. City of Chicago, No. 09-2020, slip op. at ___ (7th Cir. May 21, 2010) ("A collective action is similar to, but distinct from the typical class action . . . . The principle difference is that plaintiffs who wish to be included in a collective action must affirmatively opt-in to the suit . . . ."); Thompson v. Weyerhaeuser Co., 582 F.3d 1125, 1127 (10th Cir. 2009) ("the opt-in class mechanism of the [FLSA] authorizes class actions when the complaining parties are 'similarly situated.'"); Smith v. T-Mobile USA Inc., 570 F.3d 1119, 1122 (9th Cir. 2009) ("A plaintiff seeking FLSA collective action certification does not have a procedural right to represent a class in the absence of any opt-in plaintiffs."); Ruehl v. Viacom, Inc., 500 F.3d 375, 379 & n.3-4 (3d Cir. 2007). This characterization suggests the permissible scope of discovery for the class members is not necessarily intended to be as great as it is for the actual parties to the case.

Another factor affecting the scope of discovery is the measure of damages, which consists of "the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). This determination is based on a formula, not subjective testimony; there is no recovery for pain and suffering or emotional distress. Defendant's policies provide the commonality that binds the class together. If it is determined that employees were required to login before the start of their shift, damages will be calculated by multiplying the applicable wage by the amount of time necessary to login, multiplied again by the number of days the employee worked. There is also no great need to rely on the employees' memory to ascertain damages – the superior, more reliable evidence resides in Defendant's records.

---

[1] The ADEA utilizes the FLSA's class certification mechanism.

Nothing the Court has said, however, means that Defendant is not entitled to any information about the individuals who opt in. Even in a traditional class action under Rule 23, class members may be required to supply a certain amount of information. However, allowing the "full" range of discovery defeats the purpose of permitting a collective/class action by denying the efficiencies such a procedure is intended to produce. The nature and extent of the discovery effort is subject to the trial court's discretion and depends on the nature of the case and the purported need for the information. Manual for Complex Litigation (Fourth) at 256.

With these principles in mind, the Court has reviewed Defendant's discovery requests. The Court concludes it is appropriate and proper for those who opt-in to the case to answer Interrogatory Number Two. This interrogatory asks the individual to identify job titles, supervisors, and locations worked for Defendant. The remaining interrogatories ask for information that is more readily (and conclusively) found in Defendant's records (such as Interrogatories 3 and 5), carries a significant burden that can be obviated by seeking discovery from the named Plaintiffs (such as Interrogatories 1 and 4), or ask for information that is of dubious importance in the case (such as Interrogatories 6, 7, 8, and 9).

The Request for Production of Documents presents an additional problem: Defendant has posed "contention"-type requests. For instance, Defendant asks the class members to produce "[a]ll documents regarding your assertion that AT&T 'required these call center employees to be ready to work at the beginning of their scheduled shift.'" The undersigned generally finds such interrogatories to be unnecessary at best and inappropriate at worst.[2] Here, requiring the class members to supply the documents will result in significant duplication and inefficiencies that are not warranted in the circumstances of this case. The class members will be required to produce any documents they may have responsive to requests 2 and 3, and submit any

---

[2]Unnecessary, because to the extent they simply parrot the Complaint's allegations, Plaintiffs are already obligated to provide all such documents by Rule 26. Inappropriate, because such requests (depending on how they are phrased) seek privileged information or work product.

3

such documents along with their answer to Interrogatory Number Two.  The remaining requests for documents need not be answered by the class members.

IT IS SO ORDERED.


                                              /s/ Ortrie D. Smith_____
                                              ORTRIE D. SMITH, JUDGE
DATE: June 8, 2010                            UNITED STATES DISTRICT COURT